# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:23-cv-00038-MR

FAITH SHERRIE STREETER,           )
                                  )
            Plaintiff,            )
                                  )
vs.                               )
                                  )        **ORDER**
                                  )
MARSHALL WILLIAMS,                )
                                  )
            Defendant.            )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983.  [Doc. 1].  <u>See</u> 28 U.S.C. §§ 1915(e)(2); 1915A.  Plaintiff is proceeding in forma pauperis.  [Docs. 2, 7].

## I.    BACKGROUND

Pro se Plaintiff Faith Sherrie Streeter ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Anson Correctional Institution ("Anson CI") in Polkton, North Carolina.  On October 23, 2022, she filed this action pursuant to 42 U.S.C. § 1983 against Defendant Marshall Williams, identified as a Unit Manager at Anson CI, in his individual capacity only. [Doc. 1].  Plaintiff alleges as follows.

On November 8, 2022, at approximately 3:00 p.m., Defendant Williams, along with three other officers, was escorting Plaintiff to mental

health observation.  Upon entering the receiving area, Plaintiff kicked a trash can and Defendant Williams instructed staff to take Plaintiff to the ground. Plaintiff was in full restraints, including leg shackles, at the time.  Defendant Williams shoved Plaintiff's arms, which were restrained behind her back, up toward her head.  Defendant Marshall "kept pulling [Plaintiff's] arms causing [her] extreme pain."  Plaintiff was then put on her feet and instructed to enter the cell. After Plaintiff was in the cell, Defendant Williams entered the cell and pushed Plaintiff forcefully from behind.  Plaintiff was not a threat or trying to exit the cell.  Defendant Williams then "proceeded to get into [Plaintiff's] face, brushing up against [her] chest and threatening [her]." [Id. at 6-7]. Defendant Williams directed staff not to give Plaintiff her dinner tray because she was going to remain in restraints for four hours.  At 8:00 p.m., when Plaintiff's restraints were removed, second shift staff provided her dinner. Plaintiff did not receive a medical assessment after her restraints were removed, but she did tell Nurse Larue that her wrists were swollen and that she had lacerations on her ankles. Nurse Larue gave Plaintiff pain medication but did not otherwise treat Plaintiff's injuries.  [Id. at 7].  Plaintiff alleges that she suffered violation of her Eighth Amendment rights through excessive force and cruel and unusual punishment. [Id. at 3].  Plaintiff also claims "negligence for not feeding [her] or getting [her] medical attention."

[Id. at 8].

For injuries, Plaintiff claims she suffered extreme pain due to a pre-existing shoulder injury and lacerations to her wrists and ankles. [Id. at 8]. Plaintiff seeks monetary relief only. [Id.].

## II.   STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort

to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state such a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison

doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in her favor, Plaintiff's Eighth Amendment excessive force claim against Defendant Williams is not clearly frivolous and survives initial review. To the extent Plaintiff seeks to assert an Eighth Amendment claim against Defendant Williams based on deliberate indifference to Plaintiff's serious medical need, however, Plaintiff has failed

to do so. Plaintiff alleges only that she did not receive an assessment from medical after the restraints were removed, which occurred around 8:00 p.m. Plaintiff makes no allegation against Defendant Williams relative to the denial of medical care nor has Plaintiff alleged the existence of a serious medical need. This claim, therefore, will be dismissed.

Next, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

Finally, to the extent Plaintiff sought to assert a state law claim for negligence based on the denial of medical attention or the delay in her receiving a single meal, she had failed to do so. While Defendant William's order not to provide Plaintiff a dinner tray because Plaintiff remained

restrained for four hours, if true, may have been inappropriate, it does not rise to the level of a constitutional violation and the Court declines to exercise supplemental jurisdiction over any related state law claim. Plaintiff makes no allegations about who was responsible for the denial of medical care and the Court would decline to exercise supplemental jurisdiction over such a claim under the circumstances here in any event. The Court, therefore, will also dismiss these claims.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claim against Defendant Williams based on the use of excessive force survives initial review.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Williams passes initial review. Plaintiff's remaining claims are **DISMISSED** in accordance with the terms of this Order.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Williams, who is alleged to be current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge